UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-20268-CR-BECERRA/TORRES

18 U.S.C. § 1349
18 U.S.C. § 982(a)(7)

FILED BY __MP__ D.C.

Jun 26, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - Miami

UNITED STATES OF AMERICA

v.

DEBORAH SMITH and
MABEL DE LA CARIDAD
RODRIGUEZ BRITO,

          Defendants.
_____/

## INFORMATION

The United States Attorney charges that:

### GENERAL ALLEGATIONS

At all times material to this Information:

### The Medicare Program

1. The Medicare Program ("Medicare") was a federally funded program that provided free or below-cost health care benefits to certain individuals, primarily the elderly, blind, and disabled. The benefits available under Medicare were governed by federal statutes and regulations. The United States Department of Health and Human Services ("HHS"), through its agency, the Centers for Medicare and Medicaid Services ("CMS"), oversaw and administered Medicare. Individuals who received benefits under Medicare were commonly referred to as Medicare "beneficiaries."

2. Medicare covered different types of benefits and was separated into different program "parts." Medicare "Part B" covered, among other things, physician services and outpatient care, including an individual's access to durable medical equipment ("DME").

3. Medicare was a "health care benefit program," as defined by Title 18, United States Code, Section 24(b).

### Durable Medical Equipment

4. Orthotic devices were a type of DME that included rigid and semi-rigid devices, such as knee braces, back braces, shoulder braces, ankle braces, and wrist braces (collectively, "braces").

5. DME suppliers, physicians, and other health care providers that provided services to beneficiaries were referred to as Medicare "providers."

6. Medicare reimbursed DME suppliers and other providers for items and services rendered to beneficiaries. To receive payment from Medicare, providers submitted or caused the submission of claims to Medicare, either directly or through a billing company.

7. A Medicare claim for DME reimbursement was required to set forth, among other things, the beneficiary's name and unique Medicare identification number, the DME provided to the beneficiary, the date the DME was provided, the cost of the DME, and the name and unique physician identification number of the physician who prescribed or ordered the equipment.

8. A claim for DME submitted to Medicare qualified for reimbursement only if it was medically necessary for the treatment of the beneficiary's illness or injury and prescribed by a licensed medical professional.

### The Defendants, Related Entities, and Co-Conspirators

9. Company 1 was a medical clinic in Hialeah, Florida, in Miami-Dade County.

10. Defendant **DEBORAH SMITH** was a resident of Miami-Dade County, Florida, and an employee of Company 1.

11. Defendant **MABEL DE LA CARIDAD RODRIGUEZ BRITO** was a resident of Miami-Dade County, Florida, and an employee of Company 1.

12. Individual 1 was a resident of Miami-Dade County, Florida.

## Conspiracy to Commit Health Care Fraud
## (18 U.S.C. § 1349)

From in or around March 2022, and continuing through in or around September 2022, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**DEBORAH SMITH and
MABEL DE LA CARIDAD RODRIGUEZ BRITO,**

did knowingly and willfully, that is, with the intent to further the object of the conspiracy, combine, conspire, confederate, and agree with each other, Individual 1, and others known and unknown to the United States Attorney, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

### Purpose of the Conspiracy

13. It was a purpose of the conspiracy for the defendants and their co-conspirators to unlawfully enrich themselves by, among other things: (a) offering, paying, soliciting, and receiving kickbacks and bribes in exchange for the names, unique Medicare beneficiary identification

3

numbers, and other documentation necessary to submit claims to Medicare; and (b) submitting and causing the submission of false and fraudulent claims to Medicare for braces that were medically unnecessary, ineligible for Medicare reimbursement, and not provided as represented.

### Manner and Means

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

14. **DEBORAH SMITH** and **MABEL DE LA CARIDAD RODRIGUEZ BRITO**, through their employment at Company 1, obtained access to the medical records of Medicare beneficiaries. The medical records included documents containing the names, unique Medicare beneficiary identification numbers, and other personal identification information of Medicare beneficiaries.

15. **DEBORAH SMITH** and **MABEL DE LA CARIDAD RODRIGUEZ BRITO**, in exchange for thousands of dollars in cash, sold lists containing the Medicare beneficiaries' information to others, including Individual 1, so that DME companies could use that information to bill Medicare.

16. **DEBORAH SMITH** and **MABEL DE LA CARIDAD RODRIGUEZ BRITO** knew that, in many instances, the Medicare beneficiaries would not need and would not receive the DME for which the DME companies would submit claims to Medicare.

17. **DEBORAH SMITH** and **MABEL DE LA CARIDAD RODRIGUEZ BRITO** intended to cause a loss to Medicare of at least approximately $58,472.70 through the anticipated submission of false and fraudulent claims for medically unnecessary DME.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE ALLEGATIONS
### (18 U.S.C. § 982(a)(7))

1. The allegations of this Information are re-alleged and by this reference fully incorporated herein for alleging criminal forfeiture to the United States of certain property in which the defendants, **DEBORAH SMITH** and **MABEL DE LA CARIDAD RODRIGUEZ BRITO**, have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Information, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to such violation.

3. The property subject to forfeiture includes, but is not limited to, a forfeiture money judgment against defendant **DEBORAH SMITH** in the amount of $2,500.00, which represents the amount of money equal in value to the gross proceeds that she obtained and are traceable to the commission of the violation alleged herein.

4. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to the forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 982(a)(7), and the procedures outlined at Title 21, United States Code, Section 853, as made applicable by Title 18, United States Code, Section 982(b)(1).

_____
MARKENZY LAPOINTE
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

GLENN S. LEON
CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

_____
JESSICA A. MASSEY
TRIAL ATTORNEY
EMILY M. GURSKIS
ASSISTANT CHIEF
CRIMINAL DIVISION, FRAUD SECTION
U.S. DEPARTMENT OF JUSTICE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

v.

DEBORAH SMITH, et al.,

_____/
Defendants.

CASE NO.: 24-20268-CR-BECERRA/TORRES

**CERTIFICATE OF TRIAL ATTORNEY**

**Superseding Case Information:**
New Defendant(s) (Yes or No) ____
Number of New Defendants ____
Total number of new counts ____

**Court Division** (select one)
- ☒ Miami    ☐ Key West    ☐ FTP
- ☐ FTL      ☐ WPB

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. §3161.

3. Interpreter: (Yes or No) Yes
   List language and/or dialect: Spanish

4. This case will take __0__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I   ☒ 0 to 5 days
   - II  ☐ 6 to 10 days
   - III ☐ 11 to 20 days
   - IV  ☐ 21 to 60 days
   - V   ☐ 61 days and over

   (Check only one)
   - ☐ Petty
   - ☐ Minor
   - ☐ Misdemeanor
   - ☒ Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Magistrate Case No. _____

8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____

9. Defendant(s) in federal custody as of _____

10. Defendant(s) in state custody as of _____

11. Rule 20 from the _____ District of _____

12. Is this a potential death penalty case? (Yes or No) No

13. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek Maynard? (Yes or No) No

14. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared Strauss? (Yes or No) No

15. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

16. Did this matter involve the participation of or consultation with now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

By: _____
JESSICA A. MASSEY
DOJ Trial Attorney
Court ID No.   A5503083

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** _____**DEBORAH SMITH**_____

**Case No:** _____

Count #:  1

   Title 18, United States Code, Section 1349

   Conspiracy to Commit Health Care Fraud
* Max. Term of Imprisonment:    10 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:    $250,000 or twice the gross gain or loss from the offense

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name:** __MABEL DE LA CARIDAD RODRIGUEZ BRITO__

**Case No:** _____

Count #:  1

Title 18, United States Code, Section 1349

Conspiracy to Commit Health Care Fraud

* Max. Term of Imprisonment:   10 years
* Mandatory Min. Term of Imprisonment (if applicable):   N/A
* Max. Supervised Release:   3 years
* Max. Fine:   $250,000 or twice the gross gain or loss from the offense

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) Case No. |
| Deborah Smith, | ) **24-20268-CR-BECERRA/TORRES** |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

*Defendant's signature*

_____
*Signature of defendant's attorney*

MARC SEITLES, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*

AO 455 (Rev. 01/09) Waiver of an Indictment

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
|---|---|
| v. | ) Case No. |
| Mabel De La Caridad Rodriguez Brito, | ) **24-20268-CR-BECERRA/TORRES** |
| *Defendant* | ) |

## WAIVER OF AN INDICTMENT

I understand that I have been accused of one or more offenses punishable by imprisonment for more than one year. I was advised in open court of my rights and the nature of the proposed charges against me.

After receiving this advice, I waive my right to prosecution by indictment and consent to prosecution by information.

Date: _____

_____
*Defendant's signature*

_____
*Signature of defendant's attorney*

WALTER A. REYNOSO, ESQ.
*Printed name of defendant's attorney*

_____
*Judge's signature*

_____
*Judge's printed name and title*